Mr. Justice Scott, delivered the opinion of the court. The indictment in this case is upon the 8th section of the gaming statute (Dig. 367). A demurrer was interposed and overruled, and the defendant below was fined. The first objection taken here is predicated upon a diminution of the record. That has been obviated by the return of a special certiorari directed by this court to be issued of its own motion, (a.) The only remaining objection challenges the indictment for want of certainty. It has been often held here, upon unquestionable authority, that, in general, it is sufficient certainty in an indictment upon a statute, to allege the offence in the very terms of the act. We say, in general, for wq have as often held upon like authority that there are cases where more particularity is required either from the obvious intention of the legislature, or from the application of known principles of law. At common law, in certain descriptions of offences and especially of those punished capitally, great nicety and particularity are often required. Rules regulating this branch of commercial pleading were founded in some instances in considerations which no longer exist, either in our own or in English jurisprudence. But having been established they still prevail, although perhaps if the cases were new they might not be now incorporated in our law. So, very strict certainty has been sometimes applied to indictments upon classes of statutes when the common law furnished a close and appropriate analogy — such as the cases of indictments for false pretences and for sending threatening letters, where the pretences and' the letters are required to be set forth,from the close analogy to indictments for perjury and forgery. But such cases have never been considered by any means as leading to any general rule. On the contrary, the course has been uniformly, as Judge Story declares in the case of The United States vs. Gooding, (12 Wheaton.) to leave every class to be decided very much upon its own peculiar circumstances. Thus, in cases of conspiracy, it has never been held necessary to set forth the overt act or means, though these might materially assist the prisoner’s defence. So, in cases of solicitation to commit crimes, it has always been held sufficient to state the act of solicitation without any averment of the special means. And in endeavors to commit a revolt, which, by statute in England, is made a capital offence, it has always been deemed sufficient to allege the offence in the words of the statute without setting forth any particulars of the manner or means. And so in the case we have cited from 12 Wheaton, which was that of an indictment upon the slave trade act of Congress, it was held by the supreme court of the United States, that it was not necessary to specify the particulars of the fitting out of the vessel, bat as to this, it was sufficient to allege it in the words of the statute that the defendant did “ fit out.” We have made these general observations as the foundation of the remark, which we deem it proper to make, that our decisions as to indictments on our gaming statute, are not to be taken as precedents to be alike applicable to every variety of offences regulated or created by our numerous criminal statutes. Indeed when gaming cases arc considered as a class it would not be found easy, if the task were undertaken, to reconcile precisely all the adjudged cases; for the cases are not always in harmony, even when the statutes of different States are substantially alike and the same circumstances have occurred. This contrariety has arisen however from no departure from the correct pirnciples of the law, but, for the most part, from the slight shades of difference both in the substance and in the phraseology of these statutes, framed from time to time to meet the exigencies produced by the unceasing exertion of the gambler’s ingenuity to escape through the meshes of the law. On the contrary, it will be found that certain general principles preside over all these cases and in this aspect they are in. harmony with themselves and with every other class of cases— as that the defendant must know the “ nature and cause of the accusation against him” and to this end the state of facts upon which the law animadverts is always to be set out in the indictment with such reasonable distinctness and clearness as to enable the defendant to make defence if unjustly accused, and if convicted, to enable him to plead and prove that conviction in bar of a second prosecution on account of the same transaction with reasonable convenience. It is therefore in the greater number of cases only in the application of these leading principles that this contrariety is to be seen. And of this an apt illustration is found in the decisions of this court and of that of Indiana, as to the ofFence of betting upon certain unlawful games. Here we have held, and we think correctly, in Parrat vs The State, (5 Eng. 574,) that, in an indictment upon ■ the 8th sec. of our gaming statute, the names of the persons who played the game (if known) must be alleged and the proof must correspond with the allegation, and inferentially, that when that was done it was totally unnecessary to allege the manner of betting, or with whom the defendant did bet, but, as to this, it was sufficient to allege it in the language of the statute “ did bet a large sum of money, to-wit: the sum of one dollar,” &c. So, in the case of Hany vs. The State, (4 Eng. 193,) where no question was raised or decided as to the sufficiency of the indictment, it might have been sustained, if assailed, upon the same general principle, to-wit: that inasmuch as in that case the manner of betting was set out with great particularity, “ did bet together and against each other,” that having been done it was totally unnecessary to set out who played the game, but as to that, in that case it would have been sufficient to have alleged it in the language of the statute “ upon an unlawful game at cards commonly called seven-up.” In the State of Indiana it is held that the indictment must allege with whom the defendant bet or that his name was unknown, (State vs. Little. 5 Blackf. 267. State vs. Maxwell, ib. 230,) and that the proof must correspond. So that if a joint betting be alleged, a joint betting must be proved, and that in such, case proof that the betting was with a part of such persons only will be insufficient. (Iseley vs. State, 8 Blackf. 403.) But as to the description of the game the same court holds it sufficient to allege it in the language of the statute “ with cards, dice,” &c. Webster vs. The State, 8 Blackf. 400. Now it will be at once perceived that in all these cases, although there is some contrariety in the application of the general principle to which we have alluded, yet that they are all within them, as they all exhibit the nature and cause of the accusation against the defendant in such a distinct and clear presentation of the facts on which the law animadverts as to enable him conveniently to defend himself if innocent and if convicted to plead and prove this in bar of a second prosecution on account of the same transaction. Thus, in Parrat vs. The State, the unlawful betting charged against the defendant was identified by a particular description of the game upon which he bet, in setting out in that description the names of those who played the game. So in The State vs. Hany, that identification was effected by a particular description of the betting itself — “ did bet together and against each other;” and that was likewise the case in the cases cited from Indiana. Beyond such convenient certainty the defendant in such prosecution has no right to demand of the State such minute specification of particulars as will either encumber the record unnecessarily or jeopardize the success of the prosecution by rendering it more difficult to adduce the requisite proof, although such greater particularity might, in some instances, materially assist his defence, unless in those classes of prosecutions upon statutes to which we have before alluded, where very strict rules of certainty have been applied by reason of a close and appropriate analogy which such offences bear to certain common law of-fences. In general, all that the defendant can rightfully demand is, that the plea of autre foil acquit, or convict, and the general de-fence at the trial may be put fairly within his reach. These cases also present the application of other general principles enforced alike in pleading and evidence, and according to some of the authorities more strictly enforced, as to evidence,in criminal than in civil proceedings, (U.S. vs. Joseph Porter, 3 Day 283,) and these are, that “ No allegation, whether it be necessary or unnecessary, whether it be more or less particular, which is descriptive of the identity of that which is legally essential to the charge in the indictment can ever be rejected as surplusage, (per Judge StoRY, in U. States vs. Howard, 3 Sum. R. 15,) and, consequently, to sustain an indictment, the proof must correspond with the allegations in respect to all these facts and circumstances, which are, in point of law, essential to the charge or which operate by way of a material description oí those which are essential. (1 Chitt. Cr. Law 293, marg., 5 Amer. Ed., and note 1, and American cases there cited : Also Arch. Cr. Pl. 108 marg.; Also Rex vs. Owen, 1 Moody C. C. 118. Rex vs. Craven, R. & Ryan R. 14.) Thus, in Parrat vs. The State, it was held, upon this foundation, to be indispensable that the playing as al-ged should be proven as alleged. And in Haney vs. The State, that it was alike indispensable that the manner of betting as alleged should in like manner be proven. The allegation of the one and the other in the cases respectively, in their particularity operating by way of a material description of that which was essential to the charge. The betting as well as the game (which in the nature of things could have had an existence only through the instrumentality of two or more players) being alike essen-tia] to the charge. In neither the one case or the other was any of the matter alleged either impertinent or foreign to the case. But the allegations in the respective cases were allegations of the act and the mode of the act; which latter could not have been omitted without fatal detriment to the indictments respectively, unless in the first named case the betting had in addition been alleged with particularity; and in the other case the playing had been in addition likewise so alleged. For, in such case, the nature and cause of the accusation would not have been exhibited with sufficient certainty to have required any answer from the defendant. And, consequently, neither case was like a case where a lesser offence might be included in a greater, and the. testimony reached only the lesser, and did not establish the greater. Nor like a case where the defendant might be charged with an assault with intent to commit a rape, and it should be alleged that he made the “ assault (and her the said Peggy then and there did beat, wound and ill-treat) with intent her the said Peggy, &c., to ravish.” In such case, it would not be necessary to prove the beating, wounding and ill-treatment, as the allegation of these particulars is in no way descriptive of the assault with the alleged intent; on the contrary, it is but an allegation of a battery, and might therefore be rejected as surplusage without any detriment to the indictment. (Com. vs. Alva Hunt, 4 Pick. R. 253.) Nor are they like the case of an indictment against A. B., wife of 0. D., as that addition is but a description of the person, and need not be proven on trial, because if wrong a plea in abatement should have been interposed, and it was waived by the plea of not guilty. Com. vs. Lewis, 1 Metc. R. 153. Contra Rex vs. Duly, 1 Moody C. C. 308. Nor was either of these cases a case for the legitimate operation of the rule that a variance between the evidence and the indictment is not material, if the substance of the matter be proven: because, if any act of betting had been proven, other than that particular act charged and identified by the particular description alleged, such would have been another and distinct offence. Not so, however, in cases where this rule has application, as in an indictment for murder, if it appear that the party was killed by a different weapon from that described in the indictment, it will still maintain the indictment; as, for example, if the wound or killing beal-leged to be by a sword, and it be proved to be by an axe or a staff, or is alleged to be by a wooden staff and is proved to be by a stone. For, in all these cases, the substance is the same, the wounding or killing with a weapon. So, if the indictment be of a death of one sort of poisoning and it turns out in the evidence to be by another sort of poisoning, the difference is not material; for, in each of these cases, the mode of the death is substantially the same, that is to say, by poisoning. But if the indictment charge a death by poisoning, it will not be supported by the proof of a death entirely different, as by shooting, starving or strangling, (2 Russ. on Cr. 701 to 712. 1 East Pl. of the Cr., ch. 5, sec. 107, p. 341,) because the mode of the death would not in that case be the same. Feeling, therefore, altogether satisfied that the points of law actually ruled in the two cases we have been reviewing were correctly ruled, we can have no difficulty in arriving at a conclusion satisfactory to our own minds upon the question of certainty mooted in the case at bar. The precise objection is that the allegation that the defendant “ did bet money ” without specifying with how many or with whom he bet or whether he lost or won, or, in other words, without specification of the mode of betting, was the allegation of a conclusion of law and not of a matter of fact: that it is not unlike an allegation that the defendant “did murder.” This objection would seem to proceed upon the supposition that the ordinary act of betting is not within the statute; and the fallacy of the position is easily seen in the consideration that the object of the statute was merely to prohibit the ordinary act of betting upon certain games, and not to give a new technical legal definition of such an act. It was merely to impute guilt to an act which, before the enactment of the statute might have been done innocently. The offence thus created does not consist of an act in unison with a specific given intention as that of the building or the fitting out of a ship with intent to employ it in the slave trade; but simply in the act itself under the circumstances contemplated ; just as the building or the fitting out of a ship during an embargo would be an offence, if these acts were prohibited during its existence. And although it would be true, in the cases supposed, that the building or fitting out a ship (either generally or with a specific intent) would consist of a great variety of minute acts and particulars, almost indefinite in detail; yet, if the act of fitting out or building charged against the defendant was otherwise, in the indictment, sufficiently identified by other descriptions, to respond to his legal rights as a defendant, the additional enumeration of any or all of these particulars would answer no valuable purpose either to the defendant in assisting his defence, or in subserving public policy, and would therefore be but a work of supererogation that would tend to encumber the record unnecessarily, and jeopardize the success of the prosecution in making the offence charged more difficult of proof. United States vs. Gooding, 12 Wheaton 460. So, in the case at bar, after defendant is charged with betting money, he is informed by the indictment that the particular act of betting, with which he is charged, was that which he did upon a certain game of Poore, which was then and there played by A, B and C. And this being sufficiently definite to respond to all his legal rights as a defendant, there can be no good reason to require the State to go further into particulars. Because, although the act of betting does consist of several particulars, still when the defendant, in such an indictment as this before us, is charged with betting money, or with betting any specific valuable thing, the indictment in this respect is as certain as the law; and no defendant capable of committing the offence can say upon his conscience he is then uninformed as to the nature and cause of the accusation against him. For the reason that betting is a sort of matter, or thing, or business that is as clear and as definite as hunting, or fishing, or dancing, or merchandising, or ship building; and every one in this country, who would commit such an offence, may well be presumed to know what it is to bet. To charge that the defendant did bet money by then and there wagering, laying or venturing the same, &c., would be but tautology. When he is simply charged, in the language of the statute that he bet money, there can be no doubt but that he knows what is meant. And, therefore, in all indictments framed like the first count in this, the particulars of betting — as whom the defendant bet with, when and where and how much money he bet, and whether he lost or won, &c., are all matters of evidence to establish the main fact of betting as alleged, and are not matters of averment. We are clear, therefore, that inasmuch as the unlawful betting-charged against the defendant in the first count of this indictment is identified with sufficient clearness and distinctness in the allegations touching the game, its being played, and the players (holding the words “ which said game of chance called Pocre was,” contained in the indictment to be equivalent in the connection in which they were used to “then and there”) and holding this count in other respects technically correct, we think that it was totally unnecessary to allege the betting otherwise than was done; and consequently that this count‘is good. But we hold the second count bad for uncertainty, because of the insufficiency of the averments touching the playing of the game, in so far as these fall short of those in the first count in this connection. For the reason that if a conviction were to be had under such a count, there would be equal facility for a second conviction on account of the same transaction as was afforded in the case of Haney vs. The State, (4 Eng. R. 193,) where, under the proof in that case, which fell short of establishing the mode of betting specifically there alleged, a second indictment might have been found, framed, like the first count of this, charging all five with betting on a game played by four, and under the evidence four of the five that were charged (the defendant in that case among the rest) might have been convicted and the other acquitted. Finding the first count good, there was no error in the judgment of the court below, and it must be affirmed.