## THE STATE vs. JONES.

22  331
76  191

The jurisdiction of the appellate court as defined and limited by the Constitution, cannot be enlarged by mere legislative enactment.

Abstract questions of law, not necessarily connected with some ulterior disposition of the case on review—such as questions of law reserved by the State on the trial of a case that puts the life or liberty of the defendant in jeopardy—will not be decided by this court.

The case of *The State vs. Hand*, 1 *Eng. Rep.* 169, *approved*

*Appeal from Prairie Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

Mr. Justice FAIRCHILD delivered the opinion of the court.

At the November term, 1859, of the Circuit Court of Prairie county, Samuel Jones, the appellee, was tried upon the charge of murder, was convicted of involuntary manslaughter, and sentenced to imprisonment in the penitentiary for one year.

Upon the motion of the State, the court gave two instructions, and Jones asked for ten special instructions, all of which but the seventh were given against the objection of the State. The State excepted, and asks a review of the case upon alleged errors of law committed by the court in giving the nine instructions which seemed objectionable to the State's Attorney.

No argument has been made to show wherein the Circuit Court erred, nor does the assignment of errors point out any error more specific than that certain instructions numbered from one to ten inclusive, except the seventh, were given to the jury upon motion of the defendant. No defence to the appeal has been made, and it was unnecessary for the defendant to notice it, both, because whatever determination might be made upon it, he could not be subjected to a second trial, and because he had fully expiated the law, by serving out the term of his imprisonment before the submission of the cause.

The appeal was brought here under this law: " and in all criminal cases of whatever grade, the State shall have the right to reserve exceptions, and present her writ of error or appeal, that the questions of law may be adjudicated, notwithstanding the acquittal of the defendant in the inferior court may be a bar to any further trial or prosecution for the same offence." *Gould's Dig*, *chap.* 52, *sec.* 245.

As questions of law are to be adjudicated, in spite of an acquittal, perhaps a rigid construction of the statute would restrict the right of the State to appeal, or writ of error, except in cases of acquittal. But apart from such a view of the law, and con-

ceding that the effect of the statute is, that the State may appeal or bring error, in cases of conviction, as well as acquittal, we do not see the propriety of adjudicating points of law, for the purpose of correcting errors, whose correction cannot benefit the complaining party, nor subject the defendant who has been discharged from punishment, or who has escaped with too slight an infliction, by illegal rulings of the court. Nor do we wish to anticipate errors into which Circuit Courts by possibility may fall, by resclving questions propounded to us as matters of speculative interest to professional amateurs, or as likely to be of practical value when cases for their future application may arise.

It must be apparent to every lawyer, that if such points of law are to be adjudicated, as can be reserved in criminal cases, without regard to their application in the cases in which they are made, and especially if to be considered here, as this is presented, without argument, and without the assistance of counsel, such adjudications will be very unsatisfactory as abstract legal expositions, and of but little authority in cases whose decision does involve the honor and dignity of the State, and the life and liberty of those who owe allegiance to its laws.

Questions of law that are reserved by the State in the trial of a case that puts the life or liberty of a defendant in jeopardy, are as much abstract questions, as if the Circuit Courts should ask this court how to apply the law, and what the law is, upon any anticipated or supposable state of facts that may come under their review. And such this court has declared to be the meaning of the law, in saying that "the policy of this statute was to enable the State to obtain the opinion of the Supreme Court upon points of law or practice, which, so long as the defendants were acquitted, might continue to be erroneously ruled in the various circuits, and without intending to impair any constitutional right of the defendant in the particular case." *Stew art vs. The State* 789. That policy of the statute, so evident in itself, and so declared to be by this court, is precisely that of which this complained, in *The State vs Hand*, 1 *Eng.* 169

and for which the court refused to entertain jurisdiction of the State's writ of error. And although the act of the 20th December, 1846, from which we have quoted, is said in *Stewart vs. State*, 13 *Ark.* 749, to have been passed in consequence of the decision in *The State vs. Hand*, yet we cannot see that it has altered the law that has ever had a place in our Codes, as that law was construed in *The State vs. Graham*, 1 *Ark.* 432, 435, and in *The State vs. Hicklin*, 5 *Ark.* 191. It is simply a re-enactment of section 230 of chapter 52 of Gould's Digest, with an incorporation therein, as part of the act, of the exposition given to the old act in the cases mentioned ; and does not remove the objection made to it, that it authorized abstract questions of law to be certified to the court for its opinion. And we have no hesitation in holding that the doctrine of *The State vs. Hand*, is the sounder doctrine, and is the law.

By the Constitution of this State, this court has only appellate jurisdiction, except where original jurisdiction is conferred by the Constitution, which may be exercised under such regulations and restrictions as may from time to time be prescribed by law. *Const. Art. VI., sec.* 2. This jurisdiction cannot be enlarged by law, though its exercise may be regulated and restricted. And what we understand by appellate jurisdiction, is, the right to determine questions raised in an actual case, in its pendency before an inferior tribunal, that the errors of that tribunal may be rectified by such adjudication being made here as should have been made below, or by remanding the case for further proceedings in the court below, with provisions that the party against whom error has been committed, shall be relieved from the consequence of such error, and shall have the benefit of a new trial, or of a legal judgment. 1 *Bouv. Law Dic.* 683. The appeal of the State is dismissed.