## THE STATE VS. COX.

APPEAL: *How taken in behalf of the state.*

Where an appeal in behalf of the state is desired, it is by the provisions of Gantt's Dig., secs. 2127 and 2128, required, that the prosecuting attorney pray an appeal during the term at which the decision is rendered, and that a transcript of the record be transmitted, by the clerk, or prosecuting attorney, to the attorney general, who may, if he deem it of sufficient importance, perfect the appeal by lodging the transcript in the office of the clerk of the supreme court within sixty days after the decision was rendered; and where it does not appear that these provisions have been complied with, the case will be stricken from the docket of the supreme court.

APPEAL from *Washington* Circuit Court.

Hon. E. D. HAM, Circuit Judge.

*S. P. Hughes*, Attorney General, for appellant.

ENGLISH, C. J. The transcript in this case is indorsed, filed December 15, 1869. It seems to have slept until December term 1873, when it was submitted without briefs. On looking into the transcript, we find that in March, 1869, Christopher Cox and Joseph Runnels were jointly indicted, in the Washington circuit court, for murdering Samuel Drake. They were charged with murder in the first degree. It does not appear that Runnels was ever arrested. At the term of the circuit court at which the indictment was found, Cox seems to have been admitted to bail, by the circuit judge (Hon. E. D. Ham) in the sum of $5,000. At the September term, 1869, he was tried on the plea of not guilty, and acquitted by the jury.

It appears from a bill of exceptions taken by the prosecuting attorney, that the court excluded all the evidence that seems to have been offered on behalf of the state on the trial and, of course, the defendant was found not guilty. How, the case got into this court does not appear. There is no

record entry in the transcript before us, showing that an appeal was prayed by the state, in the circuit court, nor does the file mark of the clerk of this court show who filed the transcript in his office. It appears simply to have been filed, and the cause docketed and submitted.

The statute provides that " Where an appeal in behalf of the state is desired, the prosecuting attorney shall pray the appeal during the term at which the decision is rendered, whereupon the clerk shall immediately make a transcript of the record, and transmit the same to the attorney general, or deliver the transcript to the prosecuting attorney, to be transmitted to him.

" If the attorney, on inspecting the record, is satisfied that error has been committed to the prejudice of the state, and upon which it is important, to the court and uniform administration of the criminal law, that the supreme court should decide, he may, by lodging the transcript in the clerk's office of the supreme court within sixty days after the decision, take the appeal." Gantt's Dig., sec. 2127, 2128.

In this case, it does not appear that these provisions of the statute have been complied with, and the case must be stricken from the docket, there being no appeal.