Kenneth R. JOHNSON *v.* STATE of Arkansas

CA CR 85-175                                      703 S.W.2d 475

Court of Appeals of Arkansas
Division II
Opinion delivered February 12, 1986

*Elrod & Lee*, by: *Daniel R. Elrod*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Judge. Kenneth R. Johnson appeals his conviction of violating the Arkansas Omnibus DWI Act, Section 3(b). He was sentenced to forty-eight hours in the county jail, and ordered to pay a $350.00 fine and court costs of $306.75. In addition, his driver's license was suspended for ninety days. For reversal, appellant contends the trial court erred in refusing to grant his motion to dismiss because (1) hearsay testimony was used to prove a senior operator existed in laying the foundation for the admission of breathalyzer results, and (2) the State failed to introduce a senior operator's certificate in violation of the "best evidence" rule. We affirm.

On August 23, 1983, Deputy Harry Perry observed a pickup truck driven by appellant on Highway 71 between Fayetteville and Springdale. The truck was weaving between the two northbound lanes and glancing the curb. Perry stopped the truck and smelled alcohol on appellant's breath. Appellant's eyes were "bloodshot" and watery, and his speech was slurred. Perry conducted a field sobriety test, arrested appellant, and took him to the Springdale Police Department. Upon arrival there, Perry read appellant the Miranda and breathalyzer test rights. Officer Charles Clark administered the breathalyzer test, and appellant measured .20. He was found guilty of driving while intoxicated by the Springdale Municipal Court, and he appealed *de novo* to circuit court.

During the *de novo* trial, both Perry and Clark were called as State's witnesses. Clark testified that he was certified by the State Health Department to administer blood-alcohol tests. His certificate was admitted into evidence without objection. The instru-

ment certificate for the breathalyzer used in this case was also admitted without objection. When the State attempted to introduce the installation certificate issued to the Springdale Police Department, appellant objected, stating that a senior operator's certificate was necessary to show a proper foundation for the admission of the installation certificate. The prosecutor then asked Clark if the Springdale Police Department had a senior operator who calibrated the machine and Clark answered in the affirmative. Again, appellant's attorney made a hearsay objection which was overruled. The State then introduced a page of the daily log showing that the senior operator had calibrated the machine on the day appellant was administered the breathalyzer test. The court also allowed the installation certificate to be admitted over appellant's objection.

■ Appellant argues the trial court erred in overruling his hearsay objection to Clark's testimony concerning the Police Department's senior operator, the installation certificate, and in allowing the State to prove the certification of the senior operator in violation of the "best evidence" rule. We hold the trial court should be affirmed, but we do so on a more fundamental basis, unrelated to the arguments put forth by appellant. Our review of the law reveals that there is no requirement that an installation certificate is necessary to prove the chemical analysis method used was statutorily valid. The governing statute is Ark. Stat. Ann. § 75-1031.1(c) (Supp. 1985), which provides:

> The chemical analysis referred to in this section shall be made by a method approved by the State Board of Health. *The method approved may be proved by a certificate duly acknowledged by a representative of the State Board of Health and said certificate shall be admissible per se in any criminal prosecution and shall not be subject to any objections on grounds of heresay [hearsay].* Provided, however, *the machine performing the chemical analysis shall have been duly certified at least once in the last three (3) months preceding arrest and the operator thereof shall have been properly trained and certified.* Provided further, the person calibrating the machine and the operator of the machine shall be made available by the State for cross-examination by the defendant or his counsel of record upon reasonable notice to the prosecuting attorney. (Emphasis

supplied.)

■ In sum, § 75-1031.1(c) requires that (1) the method of testing must be approved by the Board of Health, (2) the machine must have been certified in the three months preceding arrest, and (3) the operator must have been trained and certified. Neither a senior operator's certificate nor an installation certificate are mentioned in the statute. Simply put, § 75-1031.1 does not require proof of an installation certificate before test results may be admitted into evidence.

The State complied with the requirements in § 75-1031.1 by introducing a certificate which approved the method and the machine used by the Springdale Police Department. Specifically, it authorized the use of an Alco-Analyzer Gas Chromatograph, Model 1000, from July 1, 1983, through October 1, 1983, which period covered the date of appellant's arrest. Appellant did not object to this certificate. Next, the trial court admitted, without objection, an "Operator's Certificate for Alcohol Analysis" issued to Charles F. Clark of the Springdale Police Department, stating that Clark was authorized to perform breath testing using a gas chromatograph 1000. Thus, all of the statutory requirements were met at this point, and the trial court was correct in admitting the test results into evidence.

■ While § 75-1031.1(c) does not require the State to introduce an installation certificate or a senior operator's testimony as a prerequisite to the introduction of chemical analysis test results, it does provide that the person who calibrates the machine (namely, the senior operator) and the person who operates it will be made available for cross-examination by the defense upon reasonable notice to the prosecutor. No such notice was given in this case. The State contends the appellant invited error by his failing to request the senior operator's presence at trial and then objecting to the operator's absence. We agree. It is well settled that one who is responsible for error should not be heard to complain of that for which he was responsible. *See Clinkscale v. State*, 13 Ark. App. 149, 680 S.W.2d 728 (1984). Here, if appellant had desired to cross-examine the senior operator, he had the burden of notifying the prosecutor to make that operator available. He, therefore, cannot complain of the State's failure to produce the senior operator or his certificate.

Finding that all the statutory requirements were met, and that no substantial error was committed, we affirm.

Affirmed.

CRACRAFT, C.J., and CORBIN, J., agree.