James Edward HURST *v.* STATE of Arkansas

CR 88-63                               757 S.W.2d 558

Supreme Court of Arkansas
Opinion delivered October 10, 1988

*Allen Law Firm*, by: *Thomas J. O'Hern*, for appellant.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. James Edward Hurst was convicted of first degree murder and sentenced to life in prison. He shot his father four times with a .22 pistol at his father's mobile home in southwest Little Rock. Hurst was present when police arrived on the scene. He stated that two men had entered the trailer, fired shots and left in a Camaro. The next day when police questioned him further, he broke down and confessed to killing his father.

Three arguments are made on appeal. Hurst claims first that he confessed before he was advised of his *Miranda* rights; second, that the *Miranda* warning eventually given was defective; and finally, that his confession was not voluntarily given. We find no merit in any of these arguments and affirm the trial court's decision to admit the confession into evidence.

At the suppression hearing, Detective Ivan Jones disputed Hurst's claim that he incriminated himself before the *Miranda* warnings were given. Hurst had been brought to the station to go over his witness statement made the previous day. After briefly questioning Hurst, Jones was convinced the statement was untrue. He then informed Hurst he was a suspect and called in another officer to witness the *Miranda* warnings. According to Jones, Hurst did not confess before his rights were read to him.

■ We will not disturb the trial court's ruling on this point. Detective Jones disputed the appellant's version of what occurred. This is a matter of credibility that is best determined by the trial judge. *Jones* v. *State*, 296 Ark. 135, 752 S.W.2d 274 (1988).

The rights form used by the officers in this case contained the same defect as the form in *Mayfield* v. *State*, 293 Ark. 216, 736 S.W.2d 12 (1987), *cert. denied*, 108 S. Ct. 1076 (1988), in that it did not adequately convey to the indigent accused his right to have counsel free of charge. Hurst was crying as his rights were being read to him. He expressed fear that his family would not help him. Detective Fulks, the other officer present when the warning was given, testified that he told Hurst "if the family wouldn't help him . . . the court would appoint him an attorney. In fact . . . they would appoint him a public defender." He also told Hurst "if the family would not hire him an attorney, and they couldn't afford one . . . the state would appoint a public defender."

■ The trial judge found that these statements by Detective Fulks were sufficient to advise Hurst of his right to appointed counsel. We agree. In *Mitchell* v. *State*, 295 Ark. 341, 750 S.W.2d 936 (1988), we held that a similar deficiency in a rights form was cured when an officer orally informed the accused that if he could not afford a lawyer, one would be appointed. In this case we also find that the verbal explanation by the detective adequately apprised the accused of his right to appointed counsel.

Finally, we address the issue of the voluntariness of the confession. After the *Miranda* warnings were given, Hurst gave a detailed confession. He also led police to an area where he had disposed of the murder weapon and a briefcase he had taken from the trailer.

■ In determining the voluntariness of a confession, this court makes an independent review of the totality of the circumstances and reverses only if the trial court's finding is clearly against the preponderance of the evidence. *Scherrer* v. *State*, 294 Ark. 287, 742 S.W.2d 884 (1988). Here we consider Hurst's age of 17; his 11th grade education; the short period of detention before the confession was given; his familiarity with the legal process (he had been recently convicted of robbery); and the

police testimony that no coercion was used to obtain the confession.

In view of these circumstances, we cannot say that the trial court's ruling that the confession was voluntary was clearly against the preponderance of the evidence.

We find the record contains no other reversible errors. Ark. Sup. Ct. Rule 11(f).

Affirmed.