Gary Leonard SMITH *v.* STATE of Arkansas

CR 89-172                                    785 S.W.2d 465

Supreme Court of Arkansas
Opinion delivered March 19, 1990

*Greene Law Offices,* by: *Bill Luppen;* and *Craig Lambert,* for appellant.

*Steve Clark,* Att'y Gen., by: *Ann Purvis,* Asst. Att'y Gen., for appellee.

CLAUDE W. JENKINS, Special Justice. The appellant, Gary Smith, was convicted in the Pulaski County Circuit Court on the

charge of driving while intoxicated, fourth offense. On appeal, he argues that (1) the trial court erred in denying his motion to suppress; (2) the trial court erred in allowing the introduction of the result of his breathalyzer test because the State failed to prove that the officer who gave the test was certified; and (3) the trial court erred in finding him guilty of driving while intoxicated, fourth offense, because the State failed to show that he was represented by counsel in an earlier proceeding in Louisiana wherein he was convicted of driving while intoxicated.

The evidence concerning Smith's initial arrest was that the arresting officer observed Smith driving in the center lane of I-430 "quite slow." Several other vehicles were in the area. As the officer drove past Smith, she noticed that he had his bright lights on. She slowed down, and he slowed down "even slower." She then got behind Smith and turned on her blue lights.

Smith argues, in essence, that his actions prior to the time the arresting officer turned on her blue lights did not give the officer reasonable suspicion to stop him. We disagree. In *United States* v. *Cortez*, 449 U.S. 411 (1981), the Supreme Court found that under certain circumstances, a police officer may rely on his experience and make "inferences and deductions that might well elude an untrained person." Police officers are required to obtain special training before certification and are also trained through experience to observe the actions of individuals in order to ascertain suspicious activities so that they may protect the public from unlawful activities.

The arresting officer testified that Smith's slow driving in the center lane of I-430, together with the bright lights when other traffic was present (for which Smith was issued a warning), and Smith's reactions to her slowing down caused her to stop him.

We find that Smith's actions at the location, time, and under the circumstances were sufficient to give the arresting officer a reasonable suspicion that a misdemeanor involving risk of forcible injury to persons or damage to property had been, or was about to be, committed, and therefore the officer was entitled to stop Smith, as the stop was reasonably necessary to determine the lawfulness of Smith's conduct. *See* A.R.Cr.P. Rule 3.1.

Smith next contends that the trial court erred in allowing the

introduction of the results of his breathalyzer test because the State failed, under the best evidence rule, to prove that the officer who gave the test was certified. We disagree.

Arkansas Code Ann. § 5-65-206(d)(1) (1987) does not require the machine operator's testimony, or his certificate, as a prerequisite to the introduction of chemical analysis test results. This court adopts the rationale of the Arkansas Court of Appeals in its holding in the case of *Johnson* v. *State*, 17 Ark. App. 82, 703 S.W.2d 475 (1986) that the provision only requires that the person who calibrates the machine, and the person who operates it, will be made available for cross-examination by the defense upon reasonable notice to the prosecutor.

However, there is ample evidence in the record of this case to uphold the verdict of the lower court aside from the results of the breathalyzer test.

Smith also alleges that the trial court erred in finding him guilty of driving while intoxicated, fourth offense. This contention is based upon his argument that the State failed to show that he was represented by counsel in connection with a previous conviction for driving while intoxicated in Louisiana.

On the contrary, we find that the record of the Louisiana conviction placed into evidence in this case showed that Smith had signed a document entitled "Waiver of Constitutional Rights and Plea of Guilty," which stated in part that:

> The judge has addressed me individually in open court of my right to trial, my privilege against self-incrimination, my right to be represented at all times in the proceeding, including appeal, by counsel of my choice or a court-appointed attorney at no cost to me if I lack finances to employ one. . . . I understand my rights and that I desire to waive them by entering a plea of guilty.

The document that appears in the record of this case contains not only Smith's signature but also the signature of someone identified as his attorney at the place indicated on the document for his attorney to sign "if represented." Although the document is mainly a written guilty plea containing a waiver of constitutional rights, it was signed by both Smith and his attorney

at the proper place on the document showing that Smith was represented by an attorney.

This record is sufficient to sustain the lower court in finding the defendant guilty of driving while intoxicated, fourth offense.

Affirmed.

DUDLEY and PRICE, JJ., not participating.