2012 Ark. 407

**Derek D. CHAMBERS, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 12–538.**

Supreme Court of Arkansas.

Nov. 1, 2012.

---

The Cannon Law Firm, P.L.C., by: David R. Cannon, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Valerie Glover Fortner, Ass't Att'y Gen., for appellee.

JIM GUNTER, Justice.

Appellant was convicted of driving while intoxicated (DWI) and following too close and now appeals his conviction for DWI, arguing that the circuit court erred in allowing testimony regarding the administration and results of his breathalyzer test because the person who calibrated the machine was not made available to testify, which violated appellant's Confrontation Clause rights. We have granted a petition for review in this case; therefore, we have jurisdiction pursuant to Ark. Sup.Ct. R. 1–2(e). We affirm.

On April 9, 2010, Sergeant Jeff Lane of the Benton Police Department initiated a

traffic stop on a vehicle driven by appellant after observing the vehicle following too close to an eighteen-wheeler. Lane detected an odor of intoxicants and observed that appellant's eyes were bloodshot and his speech was slurred. After performing a series of field-sobriety tests, Lane called Officer Steven Beck, a member of the DWI task force, to take custody of appellant. Beck transported appellant to the Benton Police Department, where another officer read appellant his statement of rights. Beck then administered two blood-alcohol tests using the BAC Datamaster; the first test showed a result of .105, and the second test showed a result of .108. Appellant was later found guilty of DWI and following too close in the Saline County District Court. Appellant was fined $150 for following too close and $1100 for DWI. In addition, appellant was sentenced to one day in jail with a one-day credit and given a thirty-day suspended sentence. Appellant timely appealed to the Saline County Circuit Court.

On April 19, 2011, appellant filed a motion for discovery requesting, inter alia, the presence of, and gives notice of his intent and desire to cross-examine the BAC operator, any person employed by law enforcement who was in anyway associated with the calibration, certification or operation of the BAC Datamaster, and any person from the Department of Health blood alcohol program, who was in any way associated with the calibration, certification or operation of the BAC Datamaster used in determining the Defendant's blood alcohol concentration in accordance with A.C.A. § 5–65–206(d)(2).

A bench trial was held on June 23, 2011. During the testimony of Officer Beck, appellant objected to the introduction of certificates from the Arkansas Department of Health that certified that the BAC Datamaster was properly certified and calibrated. Appellant argued that the certificates were testimonial hearsay and that their admission would be a violation of the confrontation clause according to *Melendez–Diaz v. Massachusetts,* 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009). Appellant asserted that, in his motion for discovery, he had requested the presence of all persons from the Arkansas Department of Health who were associated with calibrating or certifying the BAC Datamaster, and because the State had not provided for those persons to be in attendance, the certificates and test results from the BAC Datamaster should not be admitted. In response, the State argued that the certificates were not testimonial in nature and that *Melendez–Diaz* did not apply to nontestimonial equipment records of this type.

Appellant then argued that while the applicable Arkansas statute requires the defense to subpoena any analyst it wishes to cross-examine, the Supreme Court in *Melendez–Diaz* declared that the State could not force a defendant to subpoena a State's witness. The State disagreed and argued that the Court said the states were free to implement procedural requirements to this right of confrontation. The court overruled appellant's objection and ruled that the statute was constitutional and that "the case law that has been cited by each of the parties does not necessarily apply to the situation involved here with these certificates." The State proceeded to introduce, inter alia, an Operator Certificate for Breath Testing issued to Officer Beck, an Instrument Certificate for the BAC Datamaster in question showing that the machine had been certified on April 1, 2010, and the ticket printout from the BAC Datamaster showing the results of appellant's breathalyzer test.

After the close of the evidence, and the renewal of appellant's objections, the court found appellant guilty of following too close and DWI. In a judgment filed June 28, 2011, appellant was sentenced to pay costs of $300 and to pay a fine of $930. Appellant appealed to the court of appeals, which affirmed the circuit court in *Chambers v. State*, 2012 Ark. App. 383, 2012 WL 2129334. Appellant then petitioned this court for review, which was granted on August 14, 2012. When we grant review of a decision by the court of appeals, we review the case as though the appeal had originally been filed in this court. *Hudak–Lee v. Baxter Cnty. Reg'l Hosp.*, 2011 Ark. 31, 378 S.W.3d 77.

On appeal, appellant again asserts that the circuit court erred in allowing testimony regarding the administration and results of the breathalyzer test. This court has said that trial courts have broad discretion in evidentiary rulings and that a trial court's ruling on the admissibility of evidence will not be reversed absent an abuse of that discretion. *Travis v. State*, 371 Ark. 621, 269 S.W.3d 341(2007). Questions of constitutional interpretation are subject to a de novo standard of review. *Vankirk v. State*, 2011 Ark. 428, 385 S.W.3d 144.

The Sixth Amendment to the United States Constitution, made applicable to the States via the Fourteenth Amendment, *Pointer v. Texas*, 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." In *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court held that the Confrontation Clause guarantees a defendant's right to confront those "who 'bear testimony'" against him. *Id.* at 51, 124 S.Ct. 1354. A witness's testimony against a defendant is thus inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination. *Id.* at 54, 124 S.Ct. 1354. The *Crawford* opinion described the class of testimonial statements covered by the Confrontation Clause as follows:

Various formulations of this core class of "testimonial" statements exist: "*ex parte* in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially,"; "extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions,"; "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial[.]"

*Id.* at 51–52, 124 S.Ct. 1354 (internal citations omitted).

Two recent United States Supreme Court cases have dealt with the effect of the *Crawford* decision with respect to scientific reports. In *Melendez–Diaz, supra*, the prosecution introduced affidavits reporting the results of forensic analysis, which confirmed that the substance seized by the police and connected to the defendant was cocaine. The Supreme Court held that the affidavits were testimonial in nature, as they had been created for the sole purpose of providing evidence against the defendant and were "functionally identical to live, in-court testimony." *Id.* at 310–11, 129 S.Ct. 2527. Thus, the affiants were witnesses subject to the defendant's right of confrontation, and without a showing that the analysts were unavailable to

testify at trial and that the defendant had a prior opportunity to cross-examine them, the defendant was entitled to cross-examine the analysts at trial. The Court also rejected the claim that no Confrontation Clause violation had occurred because the defendant had the ability to subpoena the analysts:

> Converting the prosecution's duty under the Confrontation Clause into the defendant's privilege under state law or the Compulsory Process Clause shifts the consequences of adverse-witness no-shows from the State to the accused. More fundamentally, the Confrontation Clause imposes a burden on the prosecution to present its witnesses, not on the defendant to bring those adverse witnesses into court. Its value to the defendant is not replaced by a system in which the prosecution presents its evidence via ex parte affidavits and waits for the defendant to subpoena the affiants if he chooses.

*Melendez–Diaz,* 557 U.S. at 324–25, 129 S.Ct. 2527.

Most recently, in *Bullcoming v. New Mexico,* —— U.S. ——, 131 S.Ct. 2705, 180 L.Ed.2d 610 (2011), the defendant was charged with DWI, and the principal evidence against him was a forensic laboratory report certifying that his blood-alcohol concentration was above the legal limit. At trial, however, the prosecution did not call as a witness the analyst who performed the test and signed the report; instead, the prosecution called another analyst who was familiar with the testing procedures but had not participated in testing the defendant's blood sample. The New Mexico Supreme Court held that the defendant's confrontation rights were not violated, but the Supreme Court reversed and held that a scientific report could not be used as substantive evidence against a defendant unless the analyst who prepared and certified the report was subject to confrontation. The Court also reiterated that an analyst's certification prepared in connection with a criminal investigation or prosecution is testimonial and therefore within the compass of the Confrontation Clause. *Id.* at 2713–14.

On appeal, appellant first asserts that the Arkansas appellate courts have held that the State must make the person who calibrates the machine available for cross-examination upon reasonable notice given to the prosecutor, citing *Johnson v. State,* 17 Ark.App. 82, 703 S.W.2d 475 (1986), and *Smith v. State,* 301 Ark. 569, 785 S.W.2d 465 (1990). In *Johnson,* the court of appeals held that the State did not have a duty to produce the person who calibrated the chemical-analysis machine when not requested to do so by the defense, and in *Smith,* this court adopted the rationale in *Johnson* and held that Ark.Code Ann. § 5–65–206(d)(1) (1987) requires only that the person who calibrates the machine, and the person who operates it, be made available for cross-examination by the defense upon reasonable notice to the prosecutor. Appellant contends that, in the present case, his motion for discovery gave proper notice of his desire and intent to cross-examine all persons responsible for the calibration and certification of the BAC Datamaster. However, the flaw in appellant's argument is that both *Johnson* and *Smith* were decided based on a previous version of the statute; § 5–65–206(d) was amended in 2001, and the amended version eliminated the requirement that the persons involved with calibration be made available by the State if notice was given by the defense. *See* Act of Mar. 5, 2001, No. 561, § 12, 2001 Ark. Acts 2241, 2252. Thus, appellant's reliance on these cases is misplaced and unavailing.

Next, citing *Melendez–Diaz,* appellant argues that both the Operator Certificate

and Instrument Certificate introduced at trial were testimonial affidavits and should not have been admitted. In response, the State contends that the certificates were nontestimonial and thus the admission of the certificates did not violate appellant's right to confrontation. The State argues that the certificates were properly admitted under Ark.Code Ann. § 5–65–206(d)(1)(A), which provides that

> a record or report of a certification, rule, evidence analysis, or other document pertaining to work performed by the Office of Alcohol Testing of the Department of Health under the authority of this chapter shall be received as competent evidence as to the matters contained in the record or report in a court of this state, subject to the applicable rules of criminal procedure when duly attested to by the Director of the Office of Alcohol Testing of the Department of Health or his or her assistant, in the form of an original signature or by certification of a copy.

In addition, Ark.Code Ann. § 5–65–206(d)(2) provides that the instrument performing the chemical analysis shall have been duly certified at least one time in the last three months preceding arrest and that the operator of the instrument shall have been properly trained and certified. Thus, the certificates were admitted to establish Officer Beck's authority to perform the breathalyzer test and the accuracy of the machine and not to provide testimonial evidence at the trial. The State also asserts that the majority of states that have considered maintenance or calibration records such as these have found them to be nontestimonial in nature. *See, e.g., Matthies v. State*, 85 So.3d 838 (Miss.2012) (holding that records pertaining to intoxilyzer inspection, maintenance, or calibration are nontestimonial in nature, and thus, their admission into evidence is not violative of the Confrontation Clause of the Sixth Amendment, and also providing string cite to other jurisdictions with similar holdings).

The State also construes appellant's argument as challenging the test results that were admitted and argues that, while the results were testimonial, they were properly admitted because the officer who performed the test, Officer Beck, was present and cross-examined, which comports with the requirements of the Confrontation Clause. However, after a thorough examination of appellant's argument on appeal, it does not appear that he has developed any argument pertaining to the admission of the BAC results; therefore, we hold that this argument has been abandoned on appeal. *See State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007) (arguments raised below but not on appeal are considered abandoned).

Returning to the argument that is presented on appeal, namely that the two certificates were testimonial and admitted in error, we hold that the certificates were nontestimonial in nature and thus no Confrontation Clause violation occurred. Unlike the documents in *Melendez–Diaz* and *Bullcoming*, the certifications in this case were not created for the purpose of providing evidence against any particular defendant or in the furtherance of the prosecution of a defendant. Many other state courts have reached this same result; for example, when addressing this same issue, the Massachusetts Supreme Court held that certification records of a breathalyzer machine were nontestimonial and their admission into evidence without the testimony of the person who performed the certification did not violate the Confrontation Clause. *See Commonwealth v. Zeininger*, 459 Mass. 775, 947 N.E.2d 1060 (2011). The court held that certification records of the breathalyzer machine were not within

the various definitions of "testimonial" set forth in *Crawford,* and the court explained:

> Whereas certificates of drug analysis were offered as direct proof of an element of the offense charged, *Melendez–Diaz, supra* at 2532, the OAT [office of alcohol testing] certification records bear only on the admissibility or credibility of the evidence. The OAT certification records are offered, first, as proof that the Commonwealth has met a foundational predicate to admissibility of the breathalyzer test results and, then, either through direct testimony or by implication, as evidence bolstering the reliability of those results. . . . We agree with the Court of Appeals of Oregon, which concluded that such records "bear a more attenuated relationship to conviction: They support one fact (the accuracy of the machine) that, in turn, supports another fact that can establish guilt (blood alcohol level)." *State v. Bergin,* [231 Or.App. 36] at 41, 217 P.3d 1087 [ (2009) ]. Indeed, it appears that the Supreme Court has already acknowledged this attenuation, stating in *Melendez–Diaz, supra* at 2532 n. 1: "Contrary to the dissent's suggestion . . . we do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution's case. . . . [D]ocuments prepared in the regular course of equipment maintenance may well qualify as nontestimonial records."

> Further, the OAT certification records were made "for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial," the distinction the Supreme Court forged between business records traditionally admissible absent confrontation and testimonial records subject to confrontation. *Melendez–Diaz, supra* at 2539–2540. *See Crawford, supra* at 56, 124 S.Ct. 1354 The OAT certification records are maintained in the routine administration of the affairs of an administrative agency tasked with quality control, not with supplying evidence "taken for use at trial." *Michigan v. Bryant,* —— U.S. ——, 131 S.Ct. 1143, 1155, 179 L.Ed.2d 93 (2011) ("objective of the Confrontation Clause" is to provide opportunity to cross-examine when statements are "taken for use at trial").

> . . . .

> In comparison to a chemist who authors certificates of drug analysis, a technician certifying a breathalyzer machine has no "particular prosecutorial use in mind." *State v. Bergin, supra.* The certificate of analysis is particularized and performed in aid of a prosecution seeking to prove the commission of a past act and, thus, resembles the type of "ex parte in-court testimony or its functional equivalent" at the nucleus of the confrontation clause. *Crawford, supra* at 51, 52, 124 S.Ct. 1354. That the OAT certification records are generalized and performed prospectively in primary aid of the administration of a regulatory program makes all the difference.

*Zeininger,* 947 N.E.2d at 1069–70. We adopt this reasoning and hold that calibration records of a breathalyzer machine are not testimonial, and thus the admission of those records without the testimony of the person who performed the calibration does not violate the Confrontation Clause.

Finally, appellant again argues that under *Melendez–Diaz,* he was not required to subpoena the person who performed the calibration. Arkansas Code Annotated section 5–65–206(d)(3) provides that "[n]othing in this section is deemed to abrogate a defendant's right to confront the person who performs the calibration

test or check on the instrument, the operator of the instrument, or a representative of the office," and the testimony of the appropriate analyst or official may be compelled by the issuance of a proper subpoena by the party who wishes to call the analyst as a witness. *Id.* § 5–65–206(d)(4). What appellant fails to recognize, however, is that the Supreme Court's holding on this issue was predicated on its earlier holding that the reports in that case were testimonial. Because the reports were testimonial, the prosecution had a duty to provide the appropriate witness to introduce the report into evidence, and that duty could not be shifted to the defendant through his ability to subpoena the witness. However, in the present case, because the certificates were not testimonial, the State had no duty to provide the person who performed the certification of the BAC Datamaster as a witness, and if appellant wished to cross-examine that person, he could have subpoenaed that person pursuant to Ark.Code Ann. § 5–65–206(d)(4). Thus, we find no basis for reversal on this point and affirm.

Affirmed; Court of Appeals opinion vacated.

DANIELSON, J., concurs.

DANIELSON, J., concurring.

I concur in the result as I agree that the appellant's DWI conviction should be affirmed. However, I write separately as I believe the discussion in the majority opinion equates to an advisory opinion. It is well settled that this court does not issue advisory opinions. *See DIRECTV, Inc. v. Murray,* 2012 Ark. 366, 423 S.W.3d 555; *Hobbs v. Jones,* 2012 Ark. 293, 412 S.W.3d 844; *McKenzie v. Pierce,* 2012 Ark. 190, 403 S.W.3d 565; *City of Clinton v. Southern Paramedic Services, Inc.,* 2012 Ark. 88, 387 S.W.3d 137; *Faigin v. Diamante,* 2012 Ark. 8, 386 S.W.3d 372.

Here, Chambers was charged with and convicted of DWI pursuant to Ark.Code Ann. § 5–65–103 (Repl.2005), which reads:

(a) It is unlawful and punishable as provided in this act for any person who is intoxicated to operate or be in actual physical control of a motor vehicle.

(b) It is unlawful and punishable as provided in this act for any person to operate or be in actual physical control of a motor vehicle if at that time the alcohol concentration in the person's breath or blood was eight-hundredths (0.08) or more based upon the definition of breath, blood, and urine concentration in § 5–65–204.

The record is void of any information as to whether Chambers was found guilty of DWI pursuant to subsection (a) or subsection (b) of section 5–65–103. While Chambers argues that the circuit court erred in allowing certain testimony regarding the administration and results of the breathalyzer test, which would only be relevant to a conviction under section 5–65–103(b), the record supports a DWI conviction under section 5–65–103(a). If this court can affirm the conviction pursuant to section 5–65–103(a), there is no need to discuss an evidentiary issue that would only affect a conviction pursuant to subsection (b) and, therefore, such discussion is merely advisory.

It is for this reason that I concur in the disposition alone.