SLIP OPINION

Cite as 2014 Ark. 449

# SUPREME COURT OF ARKANSAS

No. CV-13-1052

| | |
|---|---|
| ROBERT EARL TUCKER, JR.<br>APPELLANT<br><br>V.<br><br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | Opinion Delivered October 30, 2014<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT<br>[NO. 35CV-13-398]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br><u>AFFIRMED</u>. |

**PER CURIAM**

In 1997, appellant Robert Earl Tucker, Jr., who was an inmate of the Arkansas Department of Correction, was found guilty by a jury of capital murder in the stabbing death of a fellow inmate. He was sentenced to life imprisonment without parole. We affirmed. *Tucker v. State*, 336 Ark. 244, 983 S.W.2d 956 (1999).

In 2013, appellant, who was incarcerated at a unit of the Arkansas Department of Correction located in Jefferson County, filed a pro se petition for writ of habeas corpus in the Jefferson County Circuit Court.[1] The petition was dismissed, and the circuit court noted that the action counted as a "strike" pursuant to Arkansas Code Annotated section 16-68-607 (Repl. 2005). Appellant brings this appeal.

In his petition for writ of habeas corpus, appellant raised the following claims: the trial court made myriad errors in its rulings on defense motions during voir dire of the jury and during trial; he was denied effective assistance of counsel. On appeal, appellant reiterates the

---

[1]As of the date of this opinion, appellant remains incarcerated in Jefferson County.

arguments raised in the petition. He further contends that the circuit court's order dismissing his petition is invalid because it does not properly represent his requests for relief, does not define such terms as "facially invalid" and "lack of jurisdiction," does not cite the proper guidelines for determining probable cause, contains false statements, and does not address constitutional issues raised in the petition. He also urges this court to reverse the order on the ground that the declaration in the order that the failure to state a claim constitutes a "strike" proves that the circuit court deliberately misrepresented his request for relief as being "unsanctioned."

We find no ground on which to reverse the order. A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Sanders v. Straughn*, 2014 Ark. 312, 439 S.W.3d 1 (per curiam) (citing *Henderson v. State*, 2014 Ark. 180 (per curiam)). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Bryant v. Hobbs*, 2014 Ark. 287 (per curiam).

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Bryant*, 2014 Ark. 287. The burden is on the petitioner in a habeas-corpus petition to establish that the circuit court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Bryant*, 2014 Ark. 287 (citing *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam)). Under our statute, a petitioner who does not proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity or the lack of

jurisdiction by the trial court and must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murphy v. State*, 2013 Ark. 155 (per curiam). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Id.*

First, the circuit court was not required in its order to define the terms it used such as "facially invalid" and "lack of jurisdiction." It was also not required to explain in greater detail the guidelines under which it determined that appellant did not state probable cause to grant a habeas petition. Rather, it was required to assess the specific claims raised by appellant and determine whether those claims stated a ground to issue the writ. As to appellant's assertion that counsel should have addressed his allegations that gave rise to constitutional questions, he has not shown that the court failed to address any issue cognizable in a habeas proceeding. When a petitioner in a habeas proceeding fails to establish that any constitutional or procedural violations implicated the jurisdiction of the trial court or rendered the judgment and commitment order invalid on its face, the petitioner has not stated a basis for the writ to issue. *Gardner v. Hobbs*, 2014 Ark. 346, 449 S.W.3d 663 (per curiam). Appellant did not make that showing.

With respect to the many claims of trial error contained in appellant's petition for writ of habeas corpus, it appears that appellant has misunderstood the scope of a habeas proceeding. Assertions of mere trial error are not sufficient to implicate the facial validity of the judgment or the jurisdiction of the trial court. *Jones v. State*, 2014 Ark. 67 (per curiam); *see also Smith v.*

*Smith*, 2013 Ark. 481 (per curiam) (Due-process claims are not cognizable in a habeas proceeding.). A habeas-corpus proceeding does not afford a convicted defendant an opportunity to retry his case and argue issues that were, or could have been, settled at trial or on the record on direct appeal from the judgment. *See Smith v. Hobbs*, 2013 Ark. 400 (per curiam).

Likewise, allegations of ineffective assistance of counsel are not within the purview of a habeas proceeding. *Green v. State*, 2014 Ark. 30 (per curiam); *Rodgers v. Hobbs*, 2011 Ark. 443 (per curiam). Any allegation appellant desired to raise concerning counsel's effectiveness should have been raised in a timely filed petition for postconviction relief pursuant to Rule 37.1. A petition for writ of habeas corpus is not a substitute for proceeding under the Rule. *Rodgers*, 2011 Ark. 443. To the extent that the claims of ineffective assistance of counsel were intended by appellant to include the claim that the evidence was insufficient to sustain the judgment, attacks on the sufficiency of the evidence are also outside the scope of a habeas proceeding. *Craig v. Hobbs*, 2012 Ark. 218 (per curiam).

Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Glaze v. Hobbs*, 2013 Ark. 458 (per curiam) (citing *Bliss*, 2012 Ark. 315). Appellant offered nothing in his habeas petition to demonstrate that the trial court in his case did not have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and he failed to establish that the judgment was invalid on its face.

Finally, as to the issue of whether a strike should have been declared by the circuit court, Arkansas Code Annotated section 16-68-607 precludes an incarcerated person from bringing a civil action or an appeal therefrom when he has, on three or more prior occasions, brought an

SLIP OPINION

action that was frivolous, malicious, or failed to state a claim on which relief may be granted. Inasmuch as appellant's petition for writ of habeas corpus clearly failed to state a claim on which relief was merited, it was not error for the circuit court to declare that the petition constituted a strike under the statute. *See McArty v. Hobbs*, 2012 Ark. 257 (per curiam), *cert. denied*, ___ U.S. ___, 133 S. Ct. 371 (2012)) (When the circuit court correctly found that appellant's petition for writ of habeas corpus failed to state a claim on which relief could be granted, section 16-68-607 applied, and appellant's petition constituted a "strike" for purposes of that section.).

Affirmed.

*Robert Earl Tucker, Jr.*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.