
# SUPREME COURT OF ARKANSAS

No. CV-14-332

| | |
|---|---|
| MARCUS HUBBARD<br>APPELLANT<br><br>V.<br><br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | Opinion Delivered December 11, 2014<br><br>PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-13-128]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

## PER CURIAM

Appellant Marcus Hubbard was found guilty by a jury in the Pulaski County Circuit Court of first-degree murder and was sentenced to life imprisonment in the Arkansas Department of Correction. We affirmed. *Hubbard v. State*, 328 Ark. 658, 946 S.W.2d 663 (1997).[1] On November 20, 2013, appellant filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court, the county in which he was incarcerated.[2] The circuit court dismissed the petition for failure to state a claim upon which relief may be granted and further designated the dismissal of the petition as a "strike" pursuant to Arkansas Code Annotated section 16-68-607 (Repl. 2005).[3] Appellant now brings this appeal.

---

[1]Appellant was tried once before for the same offense, and a mistrial was declared after the jury was unable to reach a verdict.

[2]As of the date of this opinion, appellant remains incarcerated in Lincoln County.

[3]A dismissal of an incarcerated person's civil action as frivolous, malicious, or for failure to state a claim upon which relief may be granted is commonly referred to as a "strike" under Arkansas Code Annotated section 16-68-607. *See, e.g.*, *McArty v. Hobbs*, 2012 Ark. 257 (per curiam).

SLIP OPINION

A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Sanders v. Straughn*, 2014 Ark. 312, 439 S.W.3d 1 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Pankau v. State*, 2013 Ark. 162. We find no error in the circuit court's order dismissing appellant's habeas petition and affirm.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *See Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). Under our statute, a petitioner who does not allege his actual innocence and proceeds under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment of conviction or the lack of jurisdiction by the circuit court and must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1); *Murphy v. State*, 2013 Ark. 155 (per curiam); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam). The burden is on the petitioner in a habeas-corpus petition to establish that the circuit court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Murphy*, 2013 Ark. 155.

In support of issuance of the writ, appellant claimed actual innocence, appeared to

SLIP OPINION

challenge the sufficiency of the evidence to support his conviction, and alleged that the circuit court lacked subject-matter jurisdiction to retry his case due to a speedy-trial violation. On appeal, appellant raises the same claims as those raised in the petition and also asserts that trial counsel's failure to move for a dismissal of the charge based on a speedy-trial violation constituted ineffective assistance of counsel. Because arguments raised for the first time on appeal could not have been considered by the lower court, they will not be addressed by this court. *Green v. State*, 2013 Ark. 455 (per curiam); *Williams v. State*, 2013 Ark. 375 (per curiam). Accordingly, we do not consider appellant's ineffective-assistance-of-counsel claim, which is raised for the first time on appeal. Moreover, claims of ineffective assistance of counsel are not cognizable in a habeas proceeding. *Holliday v. Hobbs*, 2014 Ark. 408 (per curiam). Any allegation appellant desired to raise concerning counsel's effectiveness should have been raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. *Id.*

As to appellant's claim that he is actually innocent of the crime for which he was convicted, a petitioner asserting the right to be released on a writ of habeas corpus on the ground of actual innocence must proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006), and the petition must be filed in the court in which the conviction was entered. Appellant did not invoke Act 1780 in his petition; nor did he file the petition in the circuit court in which his conviction was entered.

Appellant's remaining claims are matters of trial error and are not cognizable in a habeas proceeding because they do not call into question the jurisdiction of the circuit court or the facial validity of the judgment-and-commitment order. *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam)

(due-process allegations are not cognizable in a habeas proceeding); *Craig v. Hobbs*, 2012 Ark. 218 (per curiam) (challenges to the sufficiency of the evidence and admissibility of evidence are not cognizable in a habeas proceeding); *Rodgers v. Hobbs*, 2011 Ark. 443 (per curiam) (speedy-trial issue is not cognizable in a habeas proceeding). A habeas proceeding does not afford a prisoner an opportunity to retry his case. *Tarkington v. Norris*, 2012 Ark. 147 (per curiam). Appellant's allegations were, or should have been, raised and argued at trial, on direct appeal, or in a timely petition for postconviction relief.

Because appellant failed to show that the circuit court lacked jurisdiction or that the judgment-and-commitment order entered against him was facially invalid, there was no basis for a finding that a writ of habeas corpus should issue. *See Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam). Accordingly, we affirm the circuit court's order of dismissal.

Affirmed.

*Marcus Hubbard*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rachel H. Kemp*, Ass't Att'y Gen., for appellee.