Cite as 2015 Ark. 411

# SUPREME COURT OF ARKANSAS

No. CV-15-228

| | |
|---|---|
| THEODORE A. ANDERSON<br>APPELLANT | **Opinion Delivered** November 5, 2015 |
| V. | PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-14-89] |
| WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

**PER CURIAM**

Appellant Theodore A. Anderson appeals the dismissal of his petition for writ of habeas corpus challenging a 2007 judgment reflecting his criminal convictions in the Saline County Circuit Court on charges of rape, residential burglary, and third-degree domestic battery. We affirm the Lincoln County Circuit Court's order finding that Anderson failed to demonstrate probable cause sufficient for the writ to issue.[1]

In his petition for the writ, Anderson alleged that the trial court lacked jurisdiction to convict him in that he was illegally arrested, the information charging him was defective, and no plea was entered before his trial. On appeal, Anderson alleges that the circuit court erred in dismissing the petition because his due-process rights were violated by the use of a defective information filed by a deputy prosecutor in juvenile court and by a warrantless arrest prior to the filing of any information.

---

[1]Anderson filed the petition in the circuit court of the county where he was and, as of the date of this opinion, still is incarcerated.

The appellee, Kelley, first urges this court to dismiss the appeal because, she contends, Anderson has accrued three "strikes," and he is therefore no longer entitled to bring an appeal or other civil action under Arkansas Code Annotated section 16-68-607 (Repl. 2005). Section 16-68-607 provides as follows:

> In no event shall an incarcerated person bring a civil action or appeal a judgment in a civil action or proceeding under the Arkansas indigency statutes if the incarcerated person has on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the incarcerated person is under imminent danger of serious physical injury.

Kelley points to two previous appeals to this court and the decision in the circuit court in this appeal as the three strikes under the statute.

The two previous appeals were also habeas proceedings. *See Anderson v. State*, 2011 Ark. 35 (per curiam) (holding that petition for habeas relief did not state a claim cognizable in a proceeding for the writ); *Anderson v. State*, 2009 Ark. 467 (per curiam) (holding that a petition under Act 1780 did not state a sufficient basis for a claim under the Act). This court has consistently held that habeas petitions that fail to state a claim upon which relief can be granted are appropriately counted as strikes under section 16-68-607. *See Tucker v. Hobbs*, 2014 Ark. 449 (per curiam).

Kelley cites *Coleman v. Tollefson*, 135 S. Ct. 1759 (2015), a United States Supreme Court case interpreting a comparable federal statute, asserting that the order Anderson challenges in this appeal may count as the third strike against him. *Coleman* holds that the federal statute prevents the filing of any new proceedings as a pauper once the lower court has dismissed a third prior proceeding even if the third dismissal is pending on appeal. The Court, however,

specifically declined to reach the question here, that is, whether the statute may serve to prevent the pursuit of an appeal for the order constituting the third strike. *Coleman*, 135 S. Ct. at 1764–65. The Court simply noted, without addressing the issue, that the Solicitor General's position was that a prisoner should not be prevented from appealing as a pauper in the same proceedings in which an order was entered constituting a third strike. *Id.*

Under our constitution, the privilege of the writ of habeas corpus shall not be suspended by the general assembly except in the case of rebellion, insurrection or invasion, or when the pubic safety may require it. Ark. Const. Art. 2, § 11. This court has held it to be well settled that the writ is a vital privilege protected by our constitution. *Hundley v. Hobbs*, 2015 Ark. 70, 456 S.W.3d 755. We need not determine whether section 16-68-607 may serve to prevent an appeal of the denial of habeas relief, however, because Kelley has not demonstrated that the statute, by its own terms, would apply under the circumstances of this case.

As Anderson asserts in his reply brief, there is no order included in the record to indicate that Anderson was declared a pauper in this habeas proceeding. Kelley has made no request to supplement the record to demonstrate that Anderson was proceeding as a pauper. The docket sheet from the Saline County proceedings attached to his habeas petition indicates that Anderson was declared indigent in those proceedings, and the judgment indicates that he was represented by a public defender for trial. The circuit court also found that section 16-68-607 applied, with the accompanying inference that Anderson was proceeding as an indigent. The order did not, however, include a more specific finding that Anderson was proceeding as a pauper below. The record, more importantly, includes a statement on the costs for preparation

SLIP OPINION

of the record on appeal. The fee bill prepared by the circuit clerk indicates that Anderson paid the costs for preparation of the record. The record therefore does not indicate that Anderson is proceeding in this appeal under the Arkansas indigency statutes so that section 16-68-607 would apply.

Turning to the merits of the appeal, it is clear that Anderson made no well-founded claim for the writ. A circuit court's grant or denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A finding is clearly erroneous when, although there is evidence to support it, the appellate court is left, after reviewing the entire evidence, with the definite and firm conviction that a mistake has been committed. *Id.*

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). The burden is on the petitioner in proceedings for a writ of habeas corpus to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

Although the petition alleged that the trial court lacked jurisdiction to convict Anderson and that his conviction was void, Anderson's claims do not survive scrutiny. Anderson has not demonstrated error.

SLIP OPINION

Anderson's allegations in the petition that his judgment was void because he never entered a plea are abandoned on appeal. *Chambers v. State*, 2012 Ark. 407, 424 S.W.3d 296 (holding that an argument raised below but not on appeal was considered abandoned). This court may choose to address jurisdictional issues at any time, but claims of a violation of proper plea procedure are not cognizable in proceedings for the writ. *See Woodson v. Hobbs*, 2015 Ark. 304, ___ S.W.3d ___ (per curiam). *Woodson* concerned a guilty plea, but arraignment and inquiry as to the plea is waived where a defendant announced he was ready for trial and was tried as if he had entered a plea of not guilty. *Hamm v. State*, 365 Ark. 647, 232 S.W.3d 463 (2006); *see also Bettis v. State*, 164 Ark. 17, 261 S.W. 46 (1924).

Claims of a defective information that raise a jurisdictional issue, such as those that raise a claim of an illegal sentence, are cognizable in a habeas proceeding. *See Gooch v. Hobbs*, 2014 Ark. 73 (holding that where the information averred that the appellant had committed a felony murder although charging first-degree murder, the sentence on a plea to capital-felony murder was not illegal); *Willis v. Hobbs*, 2011 Ark. 509 (per curiam) (holding that, to the extent that the appellant contended that he was never charged with the crime as convicted, he failed to provide probable cause to support the claim); *see also Parmley v. Hobbs*, 2011 Ark. 75 (per curiam) (holding that the petitioner's allegation that the information charged him with a crime committed in another county was not factually supported by the record). Allegations of a defective information, however, are not generally considered to be jurisdictional and are treated as trial error. *Willis*, 2011 Ark. 509. Allegations of a defective information that merely assert trial error are not cognizable claims. *Birchett v. State*, 303 Ark. 220, 795 S.W.2d 53 (1990). This court has

consistently held that the proper time to object to the form or sufficiency of a charging instrument is prior to trial. *Chambliss v. State*, 2014 Ark. 188 (per curiam).

Anderson alleged the information was defective in that it was signed by a deputy prosecutor. This court has discussed the case that Anderson cites, *Eason v. Fletcher*, 200 Ark. 1112, 143 S.W.2d 22 (1940), concerning a similar claim, and noted that, because the defect alleged may result in a voidable defect and not one that voids the judgment, the trial court did not lack jurisdiction to sentence the appellant. *Murry v. Hobbs*, 2013 Ark. 29 (per curiam).

Anderson also alleged that the information was defective in that it was not filed until after a warrantless arrest, and the process of charging him was therefore illegal. The court's jurisdiction to try the accused does not depend upon the validity of the arrest. *Singleton v. State*, 256 Ark. 756, 510 S.W.2d 283 (1974). Due-process claims are not sufficient to implicate the facial validity of the judgment or the jurisdiction of the trial court. *Maier v. State*, 2015 Ark. 303 (per curiam). Anderson did not therefore demonstrate a jurisdictional defect in the information.

Additionally, Anderson argues that the information was filed in juvenile court, which, because of his age, would not have had jurisdiction. He did not include this claim in his petition below.[2] A claim that a sentence is illegal on its face is treated as an issue of subject-matter jurisdiction that can be addressed by this court sua sponte. *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003). Anderson appears to assert that, because the judgment was filed in the second division of the Twenty-Second Judicial District and because Arkansas Code Annotated section 16-13-3103 (Repl. 2010) mandates that the judge of that division be the juvenile judge,

---

[2]Anderson appears to have raised a similar, although less developed, argument in a previous habeas proceeding. *See Anderson v. State*, 2011 Ark. 35 (per curiam).

he must therefore have been convicted in juvenile court.

Anderson's argument omits any reference to that portion of the statute that indicates the juvenile court judge may also sit as judge of the circuit court as time permits. Anderson's judgment reflects that it was entered in circuit court with a criminal-division number. The information attached to the habeas petition also reflects a criminal-division number. Anderson points to nothing in the statute to indicate that the second division must exclusively hear juvenile cases.

Pursuant to amendment 80 of the Arkansas Constitution, this court issued Administrative Order Number 14. *C.H. v. State*, 2010 Ark. 279, 365 S.W.3d 879. Under Administrative Order Number 14, the designation of divisions is for the purpose of judicial administration and caseload management and is not for the purpose of subject-matter jurisdiction. Furthermore, the creation of divisions shall in no way limit the powers and duties of the judges to hear all matters within the jurisdiction of the circuit court. Ark. Sup. Ct. Admin. Order No. 14(1)(a). The mere filing of the information and Anderson's conviction in the second division did not, as Anderson contends, indicate that the matter had been filed in juvenile court.

Although Anderson may have raised issues on appeal that questioned the jurisdiction of the trial court, none of his allegations in the petition had merit, and the circuit court was not clearly erroneous in finding that his petition did not set forth the requisite probable cause. Accordingly, we affirm the order dismissing the petition for the writ.

Affirmed.

*Theodore A. Anderson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.