SLIP OPINION

Cite as 2017 Ark. 189

# SUPREME COURT OF ARKANSAS

No. CV–15–870

| | |
|---|---|
| FRANK WATTS<br>APPELLANT | **Opinion Delivered** May 25, 2017 |
| V. | APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [NO. CV–15–000] |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>APPELLEE | HONORABLE JODI RAINES DENNIS, JUDGE<br><br>APPEAL DISMISSED; PETITION DENIED. |

**KAREN R. BAKER, Associate Justice**

On July 13, 2015, the Lincoln County Circuit Court received from appellant, Frank Watts, a pro se habeas corpus petition and a petition for leave to proceed in forma pauperis. The circuit clerk did not file or assign a case number to either petition. On August 28, 2015, Watts filed his notice of appeal in which he sought to appeal what he referred to as a "deemed denied by operation of law habeas corpus petition, and its accompanying intermediate petition to proceed in forma pauperis." On September 17, 2015, the circuit court entered its order denying Watts's petition to proceed in forma pauperis. In a memorandum from the circuit court to the Lincoln County Circuit Clerk, also filed on September 17, 2015, the circuit court stated in pertinent part:

> You provided me with the 8/12/2015 letter from Mr. Watts where he asks about the filing of his petition. The confusion was caused in my office. I discovered that Mr. Watts had submitted the same petition to the Jefferson County Clerk. On July 14, 2015, an order was entered denying his JC petition to proceed forma pauperis.

When the Lincoln County petitions were forwarded to my office, they were mistaken as duplicates of the JC petitions I had previously reviewed.

I have prepared an order denying the petition to proceed in forma pauperis for filing in Lincoln County.

On 8/26/2015 Mr. Watts mailed to you a Notice of Appeal. It appears he wants to appeal the denial, which is now denied. He submitted a completed, signed, and notarized Petition and Affidavit of Indigency with his habeas.

As gleaned from the above memorandum, the circuit court treated the August 28, 2015 notice of appeal as one from the appeal of the September 17, 2015 order denying Watts's petition to proceed in forma pauperis. Also on September 17, 2015, the circuit court entered an order granting Watts permission to pursue his appeal in forma pauperis. The record was timely lodged in this court. On April 5, 2016, Watts filed a petition for correction or modification of the record. In his petition, Watts sought to supplement the record with pleadings that were file-marked and assigned a case number. On May 19, 2016, by syllabus entry, this court entered an order granting Watts's motion to correct or supplement the record. Specifically, we directed the circuit clerk to submit certified, file-marked copies of the petition for writ of habeas corpus and the petition to proceed in forma pauperis. The record has been properly supplemented with certified file-marked copies of each petition. After being granted multiple extensions, Watts filed his brief on October 6, 2016. On October 25, 2016, Watts filed a petition for correction or modification of the record. In this petition, Watts contends that our clerk has "erroneously and/or mistakenly labeled his appeal as a pro se appeal of the denial of the motion to proceed in forma pauperis on pro se petition for writ of habeas corpus." Thus, Watts requests that we "issue an order for correction or modification of the record to point

out that appellant's appeal derives from the Lincoln County Circuit Court Clerk's failure to file-mark his pro se petition for writ of habeas corpus and pro se petition to proceed in forma pauperis . . . or in the alternative remand the case back to the circuit court for a ruling on appellant's petition for writ of habeas corpus."

## I.  *October 25, 2016 Petition for Correction or Modification of the Record*

It is apparent from Watts's motions and briefs, that he believes this appeal concerns his petition for writ of habeas corpus.  Further, his notice of appeal indicates that he is attempting to appeal from what he referred to as a "deemed denied by operation of law habeas corpus petition."  However, we have held that the deemed-denied provision of Arkansas Rule of Appellate Procedure–Criminal 2(a)(3) does not apply to habeas proceedings.  *Hooper v. Hobbs*, 2013 Ark. 31 (per curiam).  Thus, the only appealable order contained in the record is the denial of his petition to proceed in forma pauperis.  Accordingly, we deny Watts's October 25, 2016 petition for correction or modification of the record and note that his appeal concerns only the September 17, 2015 order denying Watts's petition to proceed in forma pauperis.

## II.  *In Forma Pauperis Petition*

We now turn to the circuit court's September 17, 2015 order denying Watts's in forma pauperis petition.  A review of the order demonstrates that the circuit court based its denial of Watts's in forma pauperis petition on Arkansas Code Annotated section 16-68-607.  Turning to the applicable statute, Arkansas Code Annotated section 16-68-607 provided,

> In no event shall an incarcerated person bring a civil action or appeal a judgment in a civil action or proceeding under the Arkansas indigency statutes if the

3

SLIP OPINION

incarcerated person has on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the incarcerated person is under imminent danger of serious physical injury.

Ark. Code Ann. § 16-68-607 (Repl. 2005)(amended 2017). The Arkansas Constitution provides: "The privilege of the writ of habeas corpus shall not be suspended, except by the General Assembly, in case of rebellion, insurrection or invasion, when the public safety may require it." Ark. Const. art. 2, § 11. In *Renshaw v. Norris*, 337 Ark. 494, 989 S.W.2d 515 (1999), we were faced with the question of whether there are time limits on when a petitioner must file a writ of habeas corpus based on an illegal sentence. We explained that neither the Arkansas Constitution nor the statutes at issue placed a time limit on pursuing a writ of habeas corpus. "To do so would contravene the proscription against suspending the right to habeas corpus." 337 Ark. at 499, 989 S.W.2d at 518. To place a time limit on when a writ of habeas corpus must be filed, would amount to a "suspension" and would violate the Arkansas Constitution. *See* Ark. Const. art. 2, § 11.

Therefore, pursuant to *Renshaw*, Watts could proceed on his writ of habeas corpus petition as a pauper even though he had accrued three strikes. To hold otherwise would, similar to *Renshaw*, amount to placing a limit on when a petitioner can file a writ of habeas corpus in violation of the Arkansas Constitution. Based on section 16-68-607, the circuit court failed to properly analyze Watts's in forma pauperis petition under the applicable rule of procedure. The issue is governed by Rule 72 of the Arkansas Rules of Civil Procedure. Rule 72 states that if the circuit court is "satisfied from the facts alleged that the petitioner has a colorable cause of action, the court may by order allow the petitioner to prosecute the suit

4

in forma pauperis." A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *Penn v. Gallagher*, 2015 Ark. 472, at 2 (citing *Ehler v. Post-Prison Transfer Bd.*, 2015 Ark. 139 (per curiam)).[1]

However, in Watts's brief, he focuses on the merits of his habeas petition and fails to address the September 17, 2015 order denying his petition to proceed in forma pauperis, which as noted above is the only appealable order. In its brief, the State notes Watts's failure

---

[1]We note that on April 7, 2017, the amendment to Ark. Code Ann. § 16-68-607 was approved without an emergency clause as follows:

> (a)(1) As used in this section, "civil action or proceeding" includes without limitation a legal action filed in federal or state court.
>
> (2) A "civil action or proceeding" does not include:
>
> (a) A petition for writ of habeas corpus;
>
> (b) A petition for writ of error coram nobis; or
>
> (c) A petition for relief under Rule 37 of the Arkansas Rules of Criminal Procedure.
>
> (b) Unless the incarcerated person is under imminent danger of serious physical injury, an incarcerated person may not bring a civil action or appeal a judgment in a civil action or proceeding under the Arkansas indigency statutes if, on three (3) or more prior occasions while incarcerated or detained in any facility, the incarcerated person brought an action that was determined by a court to:
>
> (1) Be frivolous or malicious; or
>
> (2) Fail to state a claim upon which relief may be granted.

Act of Apr. 7, 2017, No. 1110, 2017 Ark. Acts __.

to address the in forma pauperis petition and argues that Watts has identified no error in the circuit court's decision to deny his in forma pauperis petition on the basis that Watts had already accrued three strikes. In his reply brief, Watts argues that the circuit court's memorandum, stating that the three-strike rule does not apply to the appellate court, nullifies the State's argument that the circuit court did not err in denying Watts's petition to proceed in forma pauperis.

Accordingly, because Watts fails to address the only appealable order, we must dismiss the appeal. We will not consider an argument, even a constitutional one, if the appellant makes no convincing argument or cites no authority to support it. *Hendrix v. Black*, 373 Ark. 266, 283 S.W.3d 590 (2008) (citing *Wooten v. State*, 351 Ark. 241, 91 S.W.3d 63 (2002)). We simply will not address issues on appeal that are not appropriately developed. *Id.* (citing *Spears v. Spears*, 339 Ark. 162, 3 S.W.3d 691 (1999)). Accordingly, we dismiss the appeal.

Appeal dismissed; petition denied.

*Frank Watts*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.