SLIP OPINION

Cite as 2017 Ark. 254

# SUPREME COURT OF ARKANSAS

**No.** CV-16-705

| | |
|---|---|
| JEFFREY WENDELL EDWARDS<br><div align="right">APPELLANT</div> | **Opinion Delivered:** September 21, 2017 |
| V. | |
| WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><div align="right">APPELLEE</div> | APPEAL FROM THE JEFFERSON<br>COUNTY CIRCUIT COURT<br>[35CV-16-317]<br><br>HONORABLE JODI RAINES<br>DENNIS, JUDGE<br><br>AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

In 1997, appellant Jeffrey Wendell Edwards was found guilty by a jury in the Washington County Circuit Court of rape, attempted rape, commercial burglary, and second-degree battery. In addition, the trial court revoked Edwards's probation for prior offenses of residential burglary and theft of property. The sentences for the six offenses were ordered to be served consecutively for a total of 70 years' imprisonment. The Arkansas Court of Appeals affirmed. *Edwards v. State*, No. CACR-98-362 (Ark. App. Oct. 28, 1998) (unpublished).

On May 25, 2016, Edwards filed in the Jefferson County Circuit Court, which is in the county where the headquarters of the Arkansas Department of Correction ("ADC") is located, a pro se petition for writ of habeas corpus.[1] The circuit court dismissed the petition on the basis that Edwards had not stated a ground for the writ. Edwards brings this appeal.

---

[1] Even though Edwards is housed in Texas by agreement between the Director of the ADC and Texas authorities, he remains under the jurisdiction of the Director, and a writ of

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

Edwards argued in his habeas petition that he was subjected to double jeopardy because the same elements that were used to prove that he committed rape were used to prove that he committed attempted rape. He further contended that the attempted rape of the same victim rendered the judgment invalid because attempted rape is a lesser-included offense of rape.

habeas corpus is returnable in Jefferson County. *Hundley v. Hobbs*, 2015 Ark. 70, 456 S.W.3d 755.

We affirm the order because Edwards did not state a ground on which a writ of habeas corpus could be issued. While some double-jeopardy claims are cognizable in habeas corpus proceedings, where the petitioner does not show that on the face of the commitment order there was an illegal sentence imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one that is cognizable. *Fields*, 2013 Ark. 416, at 6–7. Edwards's double-jeopardy claim was an attack on the sufficiency of the evidence to sustain his conviction for both rape and attempted rape. This court has held that rape is not defined as a continuing offense. *See Bryant v. State*, 2010 Ark. 7, 377 S.W.3d 152. If there were some argument that could have been made that the rape and attempted-rape charges in his case were such that Edwards could not legally be found guilty of both offenses, the assertion could have been raised, and settled, at trial and on the record on direct appeal. A habeas proceeding does not afford a prisoner an opportunity to retry his case, and it is not a substitute for raising an issue at trial or on direct appeal. *Philyaw*, 2015 Ark. 465, 477 S.W.3d 503.

Edwards's allegation that attempted rape is a lesser-included offense of rape is also an issue that could have been addressed at trial. More importantly, it cannot be discerned from the face of the judgment that Edwards was convicted of an offense and also convicted of a lesser-included offense to that offense. Because the judgment-and-commitment order did not reflect on its face that appellant was convicted of both an offense and a lesser-included offense to that offense and because Edwards did not establish that the trial court lacked jurisdiction in his case, he did not meet his burden of showing that the face of the judgment demonstrated that the judgment was invalid. *Russell v. Kelley*, 2016 Ark. 224.

SLIP OPINION

Edwards refers in his brief to the fact that the circuit court entered its decision to dismiss his petition for writ of habeas corpus without a hearing. If the statement was intended to raise the failure to hold a hearing as a point for reversal of the order, we have held that a hearing on a petition for writ of habeas corpus is not required if the petition does not allege either of the bases for relief proper in a habeas proceeding; and even if a cognizable claim is made, the writ will not be issued unless probable cause is shown for the writ to be issued. *Philyaw*, 2015 Ark. 465, at 4, 477 S.W.3d 503, 506. If a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for the writ to issue. *Russell*, 2016 Ark. 224. As stated, the claims Edwards raised in his petition were not within the purview of a habeas proceeding. The circuit court was therefore not clearly erroneous in denying habeas relief without a hearing.

Finally, Edwards contends that the circuit court erred by declaring that the habeas petition constituted a "strike" under Arkansas Code Annotated section 16-68-607 (Repl. 2005). Section 16-68-607 precludes an incarcerated person from bringing a civil action or an appeal therefrom when he has, on three or more prior occasions, brought an action that was frivolous, malicious, or failed to state a claim on which relief may be granted. Habeas petitions that fail to state a claim on which relief can be granted are appropriately counted as strikes under section 16-68-607. Because Edwards's petition clearly failed to state a claim on which relief was merited, it was not error for the circuit court to declare that the petition constituted a strike under the statute.

Affirmed.

Womack, J., concurs in part and dissents in part. Baker and Hart, JJ., dissent.

**SHAWN A. WOMACK, Justice, concurring in part and dissenting in part.** I concur with the majority's opinion affirming the circuit court's dismissal of Edwards's habeas petition; I respectfully dissent solely on the majority's analysis of Ark. Code Ann § 16-68-607 (Repl. 2005). As the majority noted, the statute prevents an indigent incarcerated person from bringing a civil action or appealing from such a proceeding if he has previously brought three or more meritless claims. In *Watts v. Kelley* we held that, based on our constitution, a habeas petition could not count as a "strike" under the statute. 2017 Ark. 189, at 4, 520 S.W.3d 249, 252. *Watts* controls the outcome on this issue and I would reverse the circuit court's ruling counting Edwards's petition as a strike. Therefore, I respectfully dissent.

**KAREN R. BAKER, Justice, dissenting.** Without citation to any authority, the majority's opinion holds that "[h]abeas petitions that fail to state a claim on which relief can be granted are appropriately counted as strikes under section 16-68-607." This holding is in direct contravention of the Arkansas Constitution and our recent, unanimous decision in *Watts v. Kelley*, 2017 Ark. 189, 520 S.W.3d 249. I dissent.

Prior to *Watts*, in a series of per curiam orders, we incorrectly affirmed the circuit court's decision to designate appellants' habeas corpus petitions as a strike.[2] In *Anderson*, there were two separate issues involving strikes under section 16-68-607 (Repl. 2005). First, appellee, Kelley, urged this court to dismiss Anderson's appeal because Anderson had

---

[2] *See McArty v. Hobbs*, 2012 Ark. 257 (per curiam); *Hill v. State*, 2014 Ark. 420 (per curiam); *Tucker v. Hobbs*, 2014 Ark. 449 (per curiam); *Hubbard v. Hobbs*, 2014 Ark. 527 (per curiam); *Anderson v. Kelley*, 2015 Ark. 411, 473 S.W.3d 537 (per curiam); *Gardner v. Hobbs*, 2015 Ark. 410 (per curiam).



accrued three strikes and was no longer entitled to bring an appeal under section 16-68-607. To support her position that Anderson had already accrued three strikes, Kelley pointed to two previous appeals to this court and the decision by the circuit court below to count his habeas petition as a strike. In other words, Kelley asserted that Anderson was not entitled to bring his appeal to this court because he had already accrued three strikes. Relying on *Tucker*, we stated that "[h]abeas petitions that fail to state a claim upon which relief can be granted are appropriately counted as strikes under section 16-68-607." *Id*. at 2, 473 S.W.3d at 539. Then, in an exercise of mental gymnastics, we cited to the suspension clause of the Arkansas Constitution and stated that "we need not determine whether section 16-68-607 may serve to prevent an appeal of the denial of habeas relief, however, because Kelley has not demonstrated that the statute, by its own terms, would apply under the circumstances of this case." *Id*. at 3, 473 S.W.3d at 539. This was so, according to *Anderson*, because the record did not demonstrate that Anderson was proceeding as a pauper even though the circuit court's order found that the statute applied. The second strike issue was the circuit court's finding that section 16-68-607 applied to his habeas petition. We briefly mentioned this fact but then, without consideration or analysis, affirmed the circuit court's order dismissing the petition for writ of habeas corpus. We did this even though the circuit court had assessed a strike and because we had held that the record did not demonstrate that Anderson was proceeding as a pauper. Thus, because *Anderson* and the other per curiams avoided addressing the obvious constitutional issue, they are of no precedential value in our consideration of whether a habeas corpus petition may be counted as a strike under Arkansas Code Annotated section 16-68-607. However, in *Watts*, we clearly explained that a habeas

corpus petition may not be counted as a strike under section 16-68-607 because this amounted to a "suspension" and violated the Arkansas Constitution. *See* Ark. Const. art. 2, § 11.

Specifically, in *Watts*, we considered the 2005 version of Arkansas Code Annotated section 16-68-607, which is also applicable to the facts of the present case. Section 16-68-607 provided,

> In no event shall an incarcerated person bring a civil action or appeal a judgment in a civil action or proceeding under the Arkansas indigency statutes if the incarcerated person has on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the incarcerated person is under imminent danger of serious physical injury.

Ark. Code Ann. § 16-68-607 (Repl. 2005) (amended 2017). Although we dismissed Watts's appeal on other grounds, we explained,

> The Arkansas Constitution provides: "The privilege of the writ of habeas corpus shall not be suspended, except by the General Assembly, in case of rebellion, insurrection or invasion, when the public safety may require it." Ark. Const. art. 2, § 11. In *Renshaw v. Norris*, 337 Ark. 494, 989 S.W.2d 515 (1999), we were faced with the question of whether there are time limits on when a petitioner must file a writ of habeas corpus based on an illegal sentence. We explained that neither the Arkansas Constitution nor the statutes at issue placed a time limit on pursuing a writ of habeas corpus. "To do so would contravene the proscription against suspending the right to habeas corpus." 337 Ark. at 499, 989 S.W.2d at 518. To place a time limit on when a writ of habeas corpus must be filed, would amount to a "suspension" and would violate the Arkansas Constitution. *See* Ark. Const. art. 2, § 11.
>
> Therefore, pursuant to *Renshaw*, Watts could proceed on his writ of habeas corpus petition as a pauper even though he had accrued three strikes. To hold otherwise would, similar to *Renshaw*, amount to placing a limit on when a petitioner can file a writ of habeas corpus in violation of the Arkansas Constitution.

*Watts*, 2017 Ark. 189, at 3–4, 520 S.W.3d at 251–52.

However, despite *Watts*, here, the majority erroneously concludes that "[b]ecause Edwards's petition clearly failed to state a claim on which relief was merited, it was not error

for the circuit court to declare that the petition constituted a strike under the statute." This statement is wrong. It was error for the circuit court to declare that the petition constituted a strike. Further, by ignoring *Watts* and affirming the circuit court, the majority knowingly violates Edwards's constitutional right to file a habeas corpus petition. Pursuant to *Watts*, to count Edwards's habeas corpus petition as a strike amounts to a time limit on when Edwards can file a writ of habeas corpus. This constitutes a suspension of the right to habeas corpus and is in clear violation of the Arkansas Constitution. My position is further supported by the legislature's April 7, 2017 amendment to section 16-68-607. The 2017 version of section 16-68-607 now specifically provides that a civil action or proceeding does not include a writ of habeas corpus:

> (a)(1) As used in this section, "civil action or proceeding" includes without limitation a legal action filed in federal or state court.
>
> (2) A "civil action or proceeding" does not include:
>
> (a) A petition for writ of habeas corpus;
>
> (b) A petition for writ of error coram nobis; or
>
> (c) A petition for relief under Rule 37 of the Arkansas Rules of Criminal Procedure.
>
> (b) Unless the incarcerated person is under imminent danger of serious physical injury, an incarcerated person may not bring a civil action or appeal a judgment in a civil action or proceeding under the Arkansas indigency statutes if, on three (3) or more prior occasions while incarcerated or detained in any facility, the incarcerated person brought an action that was determined by a court to:
> (1) Be frivolous or malicious; or
>
> (2) Fail to state a claim upon which relief may be granted.

Act of Apr. 7, 2017, No. 1110, 2017 Ark. Acts __. While I recognize that the 2017 version of section 16-68-607 became effective on August 1, 2017 and is not applicable to the present

case, the 2017 amendment does clarify that a petition for writ of habeas corpus was never intended to be counted as a strike under the statute. Although we recognized our error in *Watts*, it is embarrassing that the legislature was forced to correct this court's unconstitutional error in interpreting section 16-68-607. Yet, despite *Watts* and the legislature's correction, my learned colleagues persist in interpreting the statute in a manner that renders the statute unconstitutional. Moreover, the applicable version of section 16–68–607 cannot be interpreted to apply to habeas corpus, because such an interpretation would render the statute unconstitutional. If it is possible to construe an act so that it will pass the test of constitutionality, the courts not only may, but should and will, do so. *Love v. Hill*, 297 Ark. 96, 99, 759 S.W.2d 550, 551 (1988) (citing *Davis v. Schimmel*, 252 Ark. 1201, 482 S.W.2d 785 (1972)).

In sum, by affirming the circuit court's decision to count Edwards's petition for writ of habeas corpus as a strike, the majority has failed to adhere to the mandates of the Arkansas Constitution and brazenly violates Edwards's constitutional right. Therefore, I must dissent.

HART, J., joins in this dissent.

*Jeffery Edwards*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.