Shawn A. Womack, Justice, concurring in part and dissenting in part. |fiI concur with the majority’s opinion affirming the circuit court’s dismissal of Edwards’s habeas petition; I respectfully dissent solely on the majority’s analysis of Ark. Code Ann. § 16-68-607 (Repl. 2005). As the majority noted, the statute prevents an indigent incarcerated person from bringing a civil action or appealing from such a proceeding if he has previously brought three or more meritless claims. In Watts v. Kelley we held that, based on our constitution, a habeas petition could not count as a “strike” under the statute. 2017 Ark. 189, at 4, 520 S.W.3d 249, 252. Watts controls the outcome on this issue and I would reverse the circuit court’s ruling counting Edwards’s petition as a strike. Therefore, I respectfully dissent. Karen R. Baker, Justice, dissenting. Without citation to any authority, the majority’s opinion holds that “[hjabeas petitions that fail to state a claim on which relief can be granted are appropriately counted as strikes under section 16-68-607.” This holding is in direct contravention of the Arkansas Constitution and our recent, unanimous decision in Watts v. Kelley, 2017 Ark. 189, 520 S.W.3d 249. I dissent. Prior to Watts, in a series of per curiam orders, we incorrectly affirmed the circuit court’s decision to designate appellants’ habeas corpus petitions as a strike.[2] In Anderson, there were two separate issues involving strikes under section 16-68-607 (Repl. 2005). First, appellee, Kelley, urged this court to dismiss Anderson’s appeal because Anderson had [fiaccrued three strikes and was no longer entitled to bring an appeal under section 16-68-607. To support her position that Anderson had already accrued three strikes, Kelley pointed to two previous appeals to this court and the decision by the circuit court below to count his habeas petition as a strike. In other words, Kelley asserted that Anderson was not entitled to bring his appeal to this court because he had already accrued three strikes. Relying on Tucker, we stated that “[hjabeas petitions that fail to state a claim upon which relief can be granted are appropriately counted as strikes under section 16-68-607.” Id. at 2, 473 S.W.3d at 539. Then, in an exercise of mental gymnastics, we cited to the suspension clause of the Arkansas Constitution and stated that “we need not determine whether section 16-68-607 may serve to prevent an.appeal of the denial of habe-as relief, however, because Kelley has not demonstrated that the statute, by its own terms, would apply under the circumstances of this case.” Id. at 3, 473 S.W.3d at 539. This was so, according to Anderson, because the record did not demonstrate that Anderson was proceeding as a pauper even though the circuit court’s order found that the statute applied. The second strike issue was the circuit court’s finding that section 16-68-607 applied to his habeas petition. We briefly mentioned this fact but then, without consideration or analysis, affirmed the circuit court’s order dismissing the petition for writ of habeas corpus. We did this even though the circuit court had assessed a strike and because we had held that the record did not demonstrate that Anderson was proceeding as a pauper. Thus, because Anderson and the other per curiams avoided addressing the obvious constitutional issue, they are of no precedential value in our consideration of whether a habeas corpus petition may be counted as a strike under Arkansas Code Annotated section 16-68-607. However, in Watts, we clearly explained that a habeas 17corpus petition may not be counted as a strike under section 16-68-607 because this amounted to a “suspension” and violated the Arkansas Constitution. See Ark. Const, art'. 2, § 11. Specifically, in Watts, we considered the 2005 version of Arkansas Code Annotated section 16-68-607, which is also applicable to the facts of the present case. Section 16-68-607 provided, In no event shall an incarcerated person bring a civil action or appeal a judgment in a civil action or proceeding under the Arkansas indigency statutes if the incarcerated person has on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action that is frivolous, malicious, or fails to state a claim upon which relief may be. granted, unless the incarcerated person is under imminent danger of serious physical injury. Ark. Code Ann. § 16-68-607 (Repl. 2005) (amended 2017). Although we dismissed Watts’s appeal on other-grounds, we explained, The Arkansas Constitution provides: “The privilege of the writ of habeas corpus shall not be suspended, except by the General Assembly, in case of rebellion, insurrection or invasion, when the public safety may require it.” Ark, Const, art. 2, § 11. In Renshaw v. Norris, 337 Ark. 494, 989 S.W.2d 515 (1999), we were faced with the question. of whether there are time limits on when a petitioner must file a writ of habeas corpus based on an illegal sentence. We explained that neither the Arkansas Constitution nor the statutes, at issue placed a time limit on pursuing a writ of habeas corpus. “To do so would contravene the proscription against suspending the right to habeas corpus.” 337 Ark. at 499, 989 S.W.2d at 518. To place a time limit on when a writ of habeas corpus must be filed, would amount to a “suspension” and would violate the Arkansas Constitution. See Ark. Const. , art. • 2, § 11. : Therefore, pursuant- to Renshaw, Watts could proceed on his writ of habe-as corpus petition as a pauper even though he had accrued three strikes. To hold otherwise would, similar to Ren-shaw, amount to placing a limit 'on when a petitioner can file a writ of habeas corpus in violation of the Arkansas Constitution. Watts, 2017 Ark. 189, at 3-4, 520 S.W.3d at 251-52. However, despite Watts, here, the majority erroneously concludes that “[b]e-cause Edwards’s petition clearly failed to state a claim on which relief was merited, it was not error |afor the circuit court to declare that the petition, constituted a strike under the statute.” This statement is wrong. It was error for the circuit court to declare that the petition constituted a strike. Further, by ignoring Watts and affirming the circuit court, the majority knowingly violates Edwards’s constitutional right to file a habeas 'corpus petition. Pursuant to Watts, to count Edwards’s habeas corpus petition as a strike amounts to a time limit on when Edwards can file a writ of habeas corpus. This constitutes a suspension of the right to habeas corpus and,is in clear violation of the Arkansas Constitution. My position is further supported by the legislature’s April 7, 2017 amendment to section 16-68-607. The 2017 version of section 16-68-607 now specifically pi’ovides that a civil action or proceeding does not include a writ of habeas corpus: (a)(1) As used in this section, “civil action or proceeding” includes without limitation a legal action filed in federal or state court. (2) A “civil action , or proceeding” does not include: (a) A petition for writ of habeas corpus; (b) A petition for writ of error co-ram nobis; or (c) A petition for relief under Rule 37 of the Arkansas Rules of Criminal Procedure. (b) Unless the incarcerated person is under imminent danger of serious physical injury, an incarcerated person may not bring a civil action or appeal a judgment in a civil action or proceeding under the Arkansas indigency statutes if, on three (3) or more prior occasions while incarcerated or detained in any facility, the incarcerated person brought an action that was determined by a court to: (1) Be frivolous or malicious; or (2) Fail to state a claim upon which relief may be granted. Act of Apr. 7, 2017, Ño. 1110, 2Ó17 Ark. Acts_While I recognize that the 2017 version of section 16-68-607 became effective on August 1,2017 and is not applicable to the present |acase, the 2017 amendment does clarify that a petition for writ of habeas corpus was never intended to be counted as a strike under the statute. Although we recognized our error in Watts, it is embarrassing that the legislature was forced to correct this court’s unconstitutional error in interpreting section 16-68-607. Yet, despite Watts and the legislature’s correction, my learned colleagues persist in interpreting the statute in a manner that renders the statute unconstitutional. Moreover, the applicable version of section 16-68-607 cannot be interpreted to apply to habeas corpus, because such an interpretation would render the statute unconstitutional. If it is possible to construe an act so that it will pass the test of constitutionality, the courts not only may, but should and will, do so. Love v. Hill, 297 Ark. 96, 99, 759 S.W.2d 550, 551 (1988) (citing Davis v. Schimmel, 252 Ark. 1201, 482 S.W.2d 785 (1972)). In sum, by affirming the circuit court’s decision to count Edwards’s petition for writ of habeas corpus as a strike, the majority has failed to'adhere to the mandates of the Arkansas Constitution and brazenly violates Edwards’s constitutional right. Therefore, I must dissent. Hárt, J., joins in this dissent. . See McArty v. Hobbs, 2012 Ark. 257, 2012 WL 1950254 (per curiam); Hill v. State, 2014 Ark. 420, 2014 WL 5089357 (per curiam); Tucker v. Hobbs, 2014 Ark. 449, 2014 WL 5497320 (per curiam); Hubbard v. Hobbs, 2014 Ark. 527, 2014 WL 7004487 (per curiam); Anderson v. Kelley, 2015 Ark. 411, 473 S.W.3d 537 (per curiam); Gardner v. Hobbs, 2015 Ark. 410, 2015 WL 6759502 (per curiam).